**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NAKIRI S. CISERO,

              Plaintiff,

vs.                                        Case No. 3:05-cv-1105-J-32MCR

WAL-MART, INC., et al.,

              Defendants.

## **ORDER**[1]

*Pro se* plaintiff Nakiri Cisero brings this employment discrimination case against her former employer, Wal-Mart, and thirty-six of her former Wal-Mart co-workers alleging claims of retaliatory constructive discharge and race discrimination and, as to three of the individual defendants, claims of assault and battery. After an initial round of pleadings, plaintiff amended her complaint (Doc. 61)[2] and defendant Wal-Mart filed an answer (Doc. 68). Several of the remaining defendants[3] were never served and the Court now gives notice of its intent to dismiss these defendants without prejudice pursuant to the time strictures of Fed.R.Civ.P. Rule 4(m).

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] Due to the filing of the amended complaint, the motions to dismiss (Docs. 25, 45, 46, 52, 54, 55) directed to the original complaint are due to be terminated.

[3] Mary Andrews, Bobby James, Corey Woods, Christopher Standley, Reggie Charleston, Grey Ley, Pamela Williams, Patti Harencame, Sandra Brown, LaFrance Norton, Wianisha Caruthers, and Georgette Abousenna.

The other defendants have all moved to dismiss and it is these motions which are now before the Court. Defendants Samantha Kiery, Darcy Seykoski, Nicole Bowman, Eric Phillips, Jennifer Tolliver, Holly Duran, Deborah Hernandez, Felicia Robinson, Gentry Sparks, Linda Mattsen and Nancy Collins move to dismiss (Docs. 67, 71, 76) stating that they are not named in any of the causes of action in plaintiff's amended complaint. Plaintiff agrees that her claims are not against these defendants and states that their motions are therefore due to be denied as being moot (Docs. 72, 73, 77). However, as plaintiff elected to name these parties in the style of her amended complaint, the Court finds the motions are not moot; rather, they are due to be **granted** and these defendants are hereby due to be dismissed from this case.

Defendants Daryl Rieli, Kenneth Weeks, David Hanania, Sandra Panichello, Kimberly Scheele, Aaron Gillingham, John Delucco, Mark Kirchner, Brian Schmidt, Mike Churchill, Larry Dollar and Ralph Chapman have each been named in one of plaintiff's two § 1981 claims and they move to dismiss on grounds that plaintiff has failed to allege that any of them are supervisors with decision-making authority such as might subject them to § 1981 liability (Doc. 65). Plaintiff argues that because these defendants' actions may have resulted in her termination, it is unnecessary for her to allege that they were supervisors and that her pleading meets the bare-bones notice pleading standards of Fed.R.Civ.P. Rule 8.

Individual liability under § 1981 is only available against a defendant who has the power or authority to make or recommend employment action against a plaintiff. Faraca v. Clements, 506 F.2d 956, 959 (5th Cir. 1975); Ebrahimi v. City of Huntsville Bd. of Ed., 905 F.Supp. 993, 996 (N.D. Ala. 1995); Leige v. Capitol Chevrolet, Inc., 895 F.Supp. 289, 293-94

(M.D. Ala. 1995). Thus, it is insufficient to plead allegations against one who neither makes nor influences the challenged personnel decisions. Holifield v. Reno, 115 F.3d 1555, 1563 (11th Cir. 1997). Here, plaintiff's amended complaint contains various allegations against these twelve defendants but does not allege that any of them was plaintiff's supervisor with the capacity to hire and fire or that any of them had the power and authority to influence employment decisions. At most, some supervisory capacity could possibly be inferred as to perhaps three of the defendants (Larry Dollar, Ralph Chapman, and Daryl Rieli), who each are at least alleged to have failed to act on plaintiff's complaints (thus presumably being persons in a position to act) or to have "supported" associates (which again at least creates an inference that such person may have had some supervisory capacity) (see, e.g., ¶¶ 53, 68, 71, 72, 75, 76, 77, 168, 206, 207, 208, 210); however, as to most of the others, the allegations are so bare as to be indistinguishable from claims of mere "bias of other staff members" which "are not relevant," Holifield, 115 F.3d at 1563-64, and which would therefore not support a claim of individual supervisory liability under § 1981. These defendants' motion to dismiss (Doc. 65) is therefore due to be **granted**; however, the Court will give plaintiff a final opportunity to replead her § 1981 claims as to any of these defendants against whom she has a reasonable factually supportable basis to do so, consistent with Fed.R.Civ.P. Rule 11.

Finally, defendant Mia Davis moves the Court to dismiss the state law assault and battery count pending against her,[4] arguing the Court should decline to exercise

---

[4]The other two defendants named in this count are among those never served who are now due to be dismissed. See note 3, supra.

supplemental jurisdiction (Doc. 66). Upon consideration of the facts as pled, the Court finds they are sufficiently related to the facts plaintiff intends to prove to support her other claims as to counsel toward keeping the claim here as part of this case. Defendant Davis' motion is therefore **denied**.

Accordingly, it is hereby

**ORDERED**:

1. The earlier filed motions to dismiss directed against the original complaint (Docs. 25, 45, 46, 52, 54, 55) are **terminated** as **moot**.

2. The motions to dismiss filed by parties against whom plaintiff is no longer seeking relief (Docs. 67, 71, 76) are **granted**; defendants Samantha Kiery, Darcy Seykoski, Nicole Bowman, Eric Phillips, Jennifer Tolliver, Holly Duran, Deborah Hernandez, Felicia Robinson, Gentry Sparks, Linda Mattsen and Nancy Collins are **dismissed**.

3. The motion to dismiss filed by defendant Mia Davis (Doc. 66) is **denied**.

4. The motion to dismiss filed by individual defendants against whom plaintiff has brought § 1981 claims (Daryl Rieli, Kenneth Weeks, David Hanania, Sandra Panichello, Kimberly Scheele, Aaron Gillingham, John Delucco, Mark Kirchner, Brian Schmidt, Mike Churchill, Larry Dollar and Ralph Chapman) (Doc. 65) is **granted**, with plaintiff being granted leave to amend these claims.

5. Plaintiff shall file and serve a second amended complaint no later than **October 5, 2006**. The second amended complaint must be a complete document in and of itself and must include all of plaintiff's claims in this action; it should not refer back to the original

filings. Plaintiff should only name as parties those defendants who now remain in the case. Her second amended complaint must also include a "short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a)(1). Plaintiff must also <u>separately</u> set forth with specificity the nature of <u>each</u> of her causes of action and how each named defendant is involved in the alleged wrongdoing, including curing the defects noted above as to any defendant against whom plaintiff alleges a claim of individual liability under 42 U.S.C. § 1981.

6. As to those unserved defendants (Mary Andrews, Bobby James, Corey Woods, Christopher Standley, Reggie Charleston, Grey Ley, Pamela Williams, Patti Harencame, Sandra Brown, LaFrance Norton, Wianisha Caruthers, and Georgette Abousenna), pursuant to Fed.R.Civ.P. Rule 4(m), the Court hereby gives notice of its intent to dismiss this case without prejudice as to these defendants. This dismissal will be automatic unless plaintiff shows good cause for her failure to serve them by **October 5, 2006**.

7. Defendants (including Wal-Mart, who has filed an answer) shall respond to the second amended complaint no later than **October 30, 2006**.

8. The Court will set a deadline for the parties to file their Case Management Report after it reviews plaintiff's second amended complaint.

**DONE AND ORDERED** at Jacksonville, Florida this 14th day of September, 2006.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
*pro se* plaintiff
counsel of record

5