**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

NAKIRI S. CISERO,

        Plaintiff,

vs.                                        Case No. 3:05-cv-1105-J-32MCR

WAL-MART, INC., et al.,

        Defendants.

**ORDER**[1]

This employment case is before the Court on a Motion to Dismiss Second Amended Complaint (Doc. 86) filed by defendants Larry Dollar, Ralph Chapman, Aaron Gillingham, Sandra Panichello, Daryl Rieli, Kenneth Weeks, and David Hanania (collectively, "defendants"), each of whom pro se plaintiff has sued in Counts I and/or III for retaliation in violation of 42 U.S.C. § 1981.[2] Plaintiff has filed a response in opposition (Doc. 95).

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] Two other defendants (Wal-Mart, Inc., named in Counts I-IV and Mia Davis, named in Count V) have filed answers to the second amended complaint (Docs. 84, 87); three other defendants (Corey Woods, Greg Ley, Pamela Williams) have yet to appear. Approximately twenty-five other defendants were dismissed either voluntarily or by the Court.

On September 14, 2006, the Court issued an Order finding that as contained in plaintiff's amended complaint, the allegations against these defendants failed to suggest that any of them had the power or authority to make or recommend employment action against plaintiff. See Order, Doc. 78 at 2-3 (citing authorities). The Court therefore granted a motion to dismiss filed by these same defendants but gave plaintiff a final opportunity to re-plead her Section 1981 claims against them. Plaintiff subsequently filed a second amended complaint (Doc. 82) and defendants once again seek dismissal of the claims alleged against them pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds that plaintiff has failed to state a claim for retaliation pursuant to Section 1981.

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). To satisfy the "short plain statement" pleading requirements of Fed.R.Civ.P. Rule 8, a complaint "must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 335 U.S. 41, 47 (1957)). A complaint may not be dismissed under Rule 12(b)(6) "'unless it appears beyond doubt that the plaintiff can

prove no set of facts in support of [her] claim which would entitle [her] to relief.'" Lopez v. First Union Nat'l Bank of Florida, 129 F.3d 1186, 1189 (11th Cir. 1997) (quoting Conley, 355 U.S. at 45-46).

To state a claim for retaliation under Section 1981, plaintiff must allege that 1) she engaged in protected activity; 2) defendant subsequently took an adverse employment action against her; and 3) the adverse employment action was causally related to the protected activity. Bass v. Bd. of County Comm'rs, Orange County, Fla., 256 F.3d 1095, 1117 (11th Cir. 2001). See also, Lytle v. Household Mfg., Inc., 494 U.S. 545, 554-55 (1990) (recognizing identity of elements between Title VII and Section 1981).

Although defendants argue that plaintiff has failed to plead the second and third elements as to any of them, drawing all inferences from the allegations of the complaint in plaintiff's favor, the Court finds plaintiff has adequately pled her retaliation claims against defendants Larry Dollar, Ralph Chapman and Daryl Rieli to survive a motion to dismiss. Plaintiff has alleged that these three defendants were superiors with the power or authority to make or recommend employment actions against plaintiff, that these defendants failed to investigate complaints of discrimination and retaliation and that they solicited and used information to "build a case against plaintiff" in an effort to justify terminating her. Though some of these allegations are vague (both in context and temporally), the Court cannot say beyond doubt that

plaintiff could prove no set of facts in support of her allegations such as would meet the required elements of her Section 1981 claims against these defendants. See Burlington N. & Sante Fe Ry. Co. v. White, 126 S.Ct. 2405, 2411-15 (2006) (explaining that adverse employment action for purposes of retaliation claim under Title VII includes not only tangible employment actions (such as hiring, firing, failing to promote, reassignment and changes in benefits) but also encompasses actions that might objectively deter victims of discrimination from complaining).

However, the Court finds plaintiff has failed to adequately plead her claims against Aaron Gillingham, Sandra Panichello, Kenneth Weeks, and David Hanania. There are simply no allegations tying any alleged actions by any of these defendants to any protected activity by plaintiff. As plaintiff has already had two earlier opportunities to perfect the inadequacies of her complaint, plaintiff's claims against these four defendants are due to be dismissed with prejudice.

Accordingly, it is hereby

**ORDERED**:

1. Defendants' Motion to Dismiss (Doc. 86) is **GRANTED** to the extent that plaintiff's claims against Aaron Gillingham, Sandra Panichello, Kenneth Weeks, and David Hanania are **DISMISSED** with prejudice; and is otherwise **DENIED**.

2. Defendants Larry Dollar, Ralph Chapman and Daryl Rieli shall file and serve their answers to plaintiff's second amended complaint no later than **February**

**21, 2007**.

    3.    The parties shall confer and file their Case Management Report (the form of which is attached hereto) no later than **February 21, 2007**.

**DONE AND ORDERED** at Jacksonville, Florida this 29th day of January, 2007.

*[signature]*
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies (w/attached CMR form):

counsel of record
pro se plaintiff